IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KALIM A.R. MUHAMMAD, etc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 13-0030-WS-B |
| ) | |
| BRENDA BETHEL MUHAMMAD, et al.,) | |
| ) | |
| Defendants. ) | |

**ORDER**

The Court previously granted several defendants' motions for more definite statement. (Doc. 31). After pointing out numerous deficiencies in the plaintiff's complaint, and after attaching several previous orders plainly notifying the plaintiff of the pleading requirements with which he and all litigants are obligated to comply, the Court ordered the plaintiff to file an amended complaint "complying with all relevant pleading rules and requirements, failing which this action will be dismissed without prejudice." (*Id*. at 3).

The plaintiff has filed an amended complaint, (Doc. 36), but it contains every flaw of its predecessor. Over the span of three lawsuits, the plaintiff has been provided eight opportunities to present an acceptable pleading, and the Court plainly advised the plaintiff that he "has received his final warning." (Doc. 31 at 3).

"Pursuant to Fed.R.Civ.P. 41(b), a district court may sua sponte dismiss a plaintiff's action for failure to comply with the rules or any order of the court." *Owens v. Pinellas County Sheriff's Department*, 331 Fed. Appx. 654, 656 (11th Cir. 2009). "We review a Rule 41(b) dismissal without prejudice for abuse of discretion," and "[d]ismissal pursuant to Rule 41(b) upon disregard of an order, especially when the litigant has been forewarned, generally is not an abuse of

discretion." *Id*. (internal quotes omitted).  *See generally Tanner v. Neal*, 232 Fed. Appx. 924, 924-25 (11th Cir. 2007) (upholding a dismissal without prejudice when the pro se plaintiff failed to file an amended complaint correcting the original complaint's various pleading violations); *Jones v. Commonwealth Land Title Insurance Co.*, 459 Fed. Appx. 808, 811 (11th Cir. 2012) (same); *Giles v. Wal-Mart Distribution Center,* 359 Fed. Appx. 91, 92 (11th Cir. 2009) (upholding dismissal where the pro se plaintiff's amended complaint failed to cure the deficiencies of the original).

Although a dismissal without prejudice is tantamount to a dismissal with prejudice when the statute of limitations has expired, precluding refiling, *Parrish v. Ford Motor Co.*, 299 Fed. Appx. 856, 862 (11th Cir. 2008), the amended complaint focuses on an arrest that occurred in December 2012, well within the two-year limitations period applicable to his claims.[1]  To the uncertain extent the amended complaint may also address matters occurring before May 2011, the plaintiff already has pending an overlapping lawsuit against most of the defendants covering that time period.  *Muhammad v. Bethel*, Civil Action No. 11-0690-WS-B ("*Muhammad II*").

For the reasons set forth above, this action is **dismissed without prejudice**.

DONE and ORDERED this 30th day of April, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] *Baker v. Birmingham Board of Education*, 531 F.3d 1336, 1337 (11th Cir. 2008). A four-year limitations period applies to Section 1983 claims arising under an Act of Congress enacted after December 1, 1990.  *Id*. at 1337.